DECISION
Plaintiff has appealed from the imposition of a $500 penalty imposed by Defendant for twice tendering to Defendant a dishonored check. The second such check concerned the 2010 tax year.
A telephone case management hearing was held April 12, 2011. Jay Echternach (Echternach), owner and shareholder, appeared for Plaintiff. Deanna Mack appeared for Defendant. Because there are few material facts, none of which is disputed by the parties, no disagreement as to the applicable law and legal standard, and finally, the parties' desire to resolve the matter with the least expenditure of resources (time and money), the court accepted the salient undisputed facts and the parties' legal positions during the April 12, 2011, proceeding. The case is now before the court for decision.
 I. STATEMENT OF FACTS
In July 2009, Echternach sent a check to Defendant for the payment of taxes in the amount of $560.31. That check was dishonored by the bank (drawee). On or about August 31, 2010, Echternach again sent a check to Defendant for the payment of taxes that was dishonored by the drawee. The amount of that check was $585.56. According to Echternach, his account balance at the time the check was presented for payment was $564.55, or roughly $21 below the amount necessary to cover the check. On September 13, 2010, Defendant was notified that the *Page 2 
check was dishonored for nonsufficient funds. Plaintiff paid the amount due shortly thereafter. Because that was the second check Echternach sent to Defendant that did not clear the bank due to insufficient funds, Defendant imposed a $500 penalty on Plaintiff. Notice of that penalty was dated October 5, 2010.
 II. ANALYSIS
ORS 305.228(1)[1] requires Defendant to impose a penalty against taxpayers who twice tender to Defendant a check or other instrument that is dishonored by the drawee. The statute provides in relevant part:
 "The Department of Revenue shall assess a penalty against any person who has previously tendered a dishonored check * * * for the payment of any amount collected by the department and who subsequently makes and tenders to the department any check * * * for the payment of any tax or any other amount collected by the department* * * that is dishonored by the drawee for the following reasons:
 "(a) Lack of funds;
 "(b) Lack of credit;
 "*****."
Echternach acknowledges that he tendered two checks to the Department of Revenue that were dishonored. The first was in July 2009 and was written for the amount of $560.31. The second check, written in the amount of $585.56, was received and "posted" by Defendant August 31, 2010. Shortly thereafter, that check was dishonored by the drawee (Echternach's bank) for insufficient funds. As a result, Defendant imposed a $500 penalty.
Subsection (2) of ORS 305.228 governs the amount of the penalty. That statute provides that the penalty "assessed under subsection (1) of this section shall be equal to the greater of $25 or three times the amount of the dishonored check * * *. [However,] [t]he amount of the penalty *Page 3 
shall not be greater than $500." The second dishonored check was written for $585.56. The triplicate of that amount would exceed $1,700. Accordingly, Defendant imposed the $500 maximum penalty. Echternach is understandably upset because the penalty is not only significant when compared to fees typically charged for dishonored checks, but, in this case, is nearly equal to the amount he owed Defendant.
There are certain limited circumstances in which the penalty can be waived. The applicable standard is found in the administrative rule, OAR 150-305.228.[2] That rule provides for the waiver of the penalty where a "reasonable basis exists." OAR 150-305.228(5). The rule defines the term "reasonable basis" as "any situation in which circumstances beyond the taxpayer's reasonable ability to control resulted in the refusal to honor the check." (Id.)
Echternach explained that he did not intend to "bounce" the check; that the problem was simply a matter of "bad timing." Echternach has both his business account and his personal account at the same financial institution, US Bank, and regularly transfers funds between the two accounts. Echternach was trying to cover a number of upcoming liabilities, including his home mortgage and the tax he owed Defendant. Echternach notes that he was only $21 short in covering the check he tendered and that, in four years of operating his own business, he has only submitted two checks to the bank that failed to clear due to insufficient funds. Echternach opined that that was not a bad record for a business owner in these current tough economic times. The court offers no opinion on that latter point.
As indicated above, the standard in the rule for penalty waiver requests concerning penalties imposed under ORS 305.228 is "any situation in which circumstances beyond the taxpayer's reasonable ability to control resulted in a refusal to honor the check." OAR 150-305.228(5). *Page 4 
Neither an honest mistake, bad timing, or a lack of intent constitutes circumstances beyond Echternach's "reasonable ability to control." Accordingly, the court will not waive the $500 penalty.
 III. CONCLUSION
The court concludes that Plaintiff is not entitled to waiver of the penalty Defendant imposed against Plaintiff for twice tendering checks to Defendant that were dishonored by the bank upon which they were drawn. Plaintiff has not shown that the circumstances under which the second instrument was dishonored were reasonably beyond his ability to control. Plaintiff, in fact, acknowledged that the reason the check failed to clear the bank was simply a matter of bad timing. While unfortunate, such circumstances do not justify a waiver when measured against the standards in the statute and corresponding administrative rule, as discussed above. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.
Dated this ___ day of April 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinsonon April 27, 2011. The Court filed and entered this documenton April 27, 2011.
[1] All references to the Oregon Revised Statutes (ORS) are to 2009.
[2] The court's references to the Oregon Administrative Rules (OARs) are to the current version. However, the particular OAR here at issue was last revised in 2001. *Page 1